UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE | BANKRUPTCY NO. |
| CONMACO/RECTOR, L.P. | 04-11248 |
| Debtor | SECTION "B" |
| | |
| **CONMACO/RECTOR, L.P.** | CHAPTER 11 |
| Plaintiff | |
| | |
| Versus | **ADVERSARY NO.** |
| | |
| **DECO COMPANIES, INC**. | **05-1048** |
| Defendant | |

## MEMORANDUM OPINION

This matter came before the Court on May 18, 2005 on the motion of DECO
Companies, Inc. ("Deco") to dismiss this adversary proceeding for improper venue
and lack of personal jurisdiction, and the objection to the motion to dismiss filed by
Conmaco/Rector, L.P. ("Conmaco" or "debtor").  For the reasons expressed, this court
will grant the motion to dismiss.

**I.  Procedural History**.

Conmaco filed a voluntary Chapter 11 proceeding on February 27, 2004.
Conmaco's plan of reorganization was approved at a hearing held on May 9, 2005,
and an order confirming the plan was entered on June 2, 2005.  On February 18,
2005, the debtor filed a complaint against Deco, seeking to recover $110,650.71 on

open account for "services delivered."  Deco responded by filing a motion to dismiss the complaint for improper venue and for lack of personal jurisdiction.

Deco argues that it is a Missouri corporation, does not reside in Louisiana and has never done business in Louisiana, and that none of the events giving rise to the claim occurred in Louisiana, instead that all contacts were through Conmaco's branch office located in Kansas City, Kansas.  Conmaco, on the other hand, argues that personal jurisdiction exists over Deco and that venue is proper in Louisiana.  In essence, Conmaco argues that federal bankruptcy law provides that the claims against Deco are property of the estate and, therefore, that federal subject matter jurisdiction, with nationwide service of process, exists. It argues that specific jurisdiction is also present because the location for payment to Conmaco is a post office box located in Louisiana and therefore that a substantial part of the events giving rise to the debtor's claim for payment arose in Louisiana.

## II.  Applicable Law.

Deco seeks dismissal of the debtor's complaint for lack of personal jurisdiction and lack of venue.  The court may consider "sworn affidavits or other competent evidence" related to personal jurisdiction in deciding a motion to dismiss.[1]

---

[1] *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 183 (Bankr. D. Del. 2000).

-2-

1. *Personal jurisdiction.*

Deco asserts that this court lacks personal jurisdiction and must dismiss the debtor/plaintiff's complaint. Once jurisdiction is challenged, the plaintiff has the burden of demonstrating that contacts by the non-resident defendant are sufficient to invoke the jurisdiction of the court.[2] A federal court may exercise jurisdiction over a nonresident defendant provided that applicable state law confers such jurisdiction and its exercise complies with the Constitution's due process requirements.[3] The courts use a two-part test to determine questions of personal jurisdiction: i) whether statutory authority exists for the exercise of jurisdiction under the laws of the forum state, and ii) whether the exercise of jurisdiction complies with federal constitutional standards of due process.[4]

The Louisiana long-arm statute authorizes the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.[5] The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant when: i) the defendant has purposefully

---

[2] *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989).

[3] *D.J. Investments. V. Metzeler Motorcycle Tire Agent Gregg*, 754 F.2d 542, 545-46 (5th Cir. 1985).

[4] *Stuart v. Spademan,* 772 F.2d 1185, 1189 (5th Cir. 1985).

[5] LSA-RS 12:3201(B).

-3-

availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state so that it could reasonably anticipate being haled into court in the forum; and ii) the exercise of personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[6] "Minimum contacts" are established either through contacts sufficient to assert specific or general jurisdiction.[7]

General jurisdiction exists where the defendant's contacts with the forum state are substantial and "continuous and systematic," but not related to the cause of action asserted by the plaintiff.[8]   Conmaco has failed to assert any contacts by Deco with Louisiana that may be considered to be continuous and systematic.  Deco, however, has provided an affidavit which states that it lacks any contact with Louisiana. The affidavit of Steven Short asserts that  Deco is not qualified to do business in Louisiana, does not have an office in Louisiana, and has never done any business in Louisiana.  There is no affidavit to the contrary.  The court finds that insufficient evidence exists to establish that general jurisdiction exists in this case.

Conmaco argues that federal subject matter jurisdiction exists in this case

---

[6] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999), *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[7] *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

[8] *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 276, 381 (5th Cir. 2003).

-4-

because Conmaco's claims against Deco constitute property of the bankruptcy estate. This argument, however, is unavailing. Conmaco's plan of reorganization was confirmed at a hearing held on May 9, 2005. An estate subject to bankruptcy protection no longer exists,[9] and Conmaco's attempt to rely upon the argument that the payment alleged due by Deco constitues estate property is insufficient to establish that bankruptcy jurisdiction exists in this case, after confirmation of a plan and without any evidence that the claim involves the implementation or execution of the plan.[10]

The case of *L.D. Brinkman Holdings, Inc.*[11], cited by the debtor, does not support Conmaco's assertion that federal bankruptcy jurisdiction exists in this matter. *Brinkman* involved a suit by a debtor against a nonresident defendant for breach of contract; however, the breach was a prepetition breach and the claims stemming from the breach were property of the bankruptcy estate, over which the bankruptcy court possessed exclusive jurisdiction, and whose liquidation would have an effect on the administration of the bankruptcy estate.[12] As such, federal subject matter jurisdiction

---

[9]  11 USC 1141(b).

[10]  *See generally U.S. Brass Corp.*, 301 F.3d 296 (5th Cir. 2002); *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390-91 (5th Cir. 2001).

[11]  310 B.R. 686 (Bankr. N.D. Tex. 2004).

[12]  *Id.* at 688.

existed in that case.  The same cannot be said of this case.  The claim here is a postpetition claim for damages by a debtor whose plan has already been confirmed. The bankruptcy estate no longer exists, and no evidence exists that the matter relates to the implementation or execution of the plan.  Federal bankruptcy jurisdiction, with nationwide service of process, may not be successfully claimed.

Specific jurisdiction over a non-resident may be established when the corporation named as a defendant has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities."[13] Deco argues that specific jurisdiction is not present because all of its contacts with Conmaco were through Conmaco's branch office in Kansas City, Kansas; Deco had no direct contacts with Conmaco's office in Louisiana; and Conmaco never provided any services to Deco in Louisiana.[14] Conmaco asserts that specific jurisdiction is present because its invoice specifies that payment is to be made to a post office box located in Louisiana.   The refusal to pay in Louisiana, Conmaco argues, caused foreseeable injuries to Conmaco in Louisiana, and therefore, it is reasonable for Deco to be sued in Louisiana. This reasoning proves too much.

---

[13] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), *quoting Helicopteros Nacionales de Colunbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

[14] P.6, Affidavit of Steven Short.

Acceptance of it would mean that any debtor (or other plaintiff) in Louisiana could make any corporation any where in the United States – and perhaps elsewhere as well– subject to suit in Louisiana because it was stated in an invoice, after the services were rendered and without regard to where they were rendered, that payment had to be made in Louisiana.

This court holds that Conmaco has failed in its burden to establish minimum contacts with the state of Louisiana sufficient for this court to assert specific jurisdiction over Deco. Deco has not purposefully directed its activities toward Louisiana. As established by the affidavit submitted by Deco, it has not transacted any activities in Louisiana and lacks any contact with Conmaco in Louisiana.

Plaintiff's reliance on the cases of *Truserve Corp. v. Neff*[15] and *RM Petroleum, Inc. v. LA Oasis, Inc.*[16] is nonavailing. Both cases are distinguishable. In *Truserve,* the court denied a motion for improper venue, but transferred the action under 28 U.S.C. §1404(a). *Truserve* involved a suit on a guaranty; however, the guaranty provided that the forum state's law would govern and authorized suit in the forum state. [17] Additionally, the guaranty required that payment be made in the forum, and

---

[15] 6 F. Supp.2d 790 (N.D. Ill. 1998).

[16] 2004 WL 406984 (N.D. Ill. 2004).

[17] 6 F.Supp.2d at 792.

-7-

the defendants agreed – evidently before the debt was incurred -- to this provision.[18]

Nothing in this case indicates that Deco has consented to the jurisdiction of Louisiana,

agreed that Louisiana law applies to this  dispute, or negotiated a provision requiring

that payment be made in Louisiana.

   *RM Petroleum* involved a suit for breach of contract, violation of the Lanham

Act and the commission of the tort of assault by one defendant.  The court found that

specific jurisdiction existed over nonresident defendants because the agreements were

akin to franchise agreements that established a substantial and continual relationship

with a franchisor located in another state.[19]  Additionally, one defendant received a

shipment of gasoline from the forum state pursuant to the agreement, and actually

made payment to a company located in the forum, and another defendant was alleged

to have telephoned death threats to a party in the forum.

    Conmaco has not submitted an affidavit asserting facts establishing contacts

exist with the state of Louisiana.  No evidence exists that the contract or services with

Deco were  negotiated in Louisiana, performed in Louisiana, or that a breach occurred

in Louisiana.  Moreover, the invoices attached to Conmaco's complaint state that the

bulk  of  the  amounts  alleged  due  by  Deco  are  for  damages  to  an  American 7250

---

[18]  *Id.*

[19]  2004 WL 406984, p.4.

-8-

crawler crane, which Conmaco simply invoiced Deco for payment.  There is no

evidence that the crane at issue was damaged in Louisiana.  Other than the boilerplate

address for payment contained in Conmaco's invoice, Louisiana does not figure into

the parties' activities.  In short, no evidence exists that  Deco possesses minimum

contacts with Louisiana sufficient to satisfy due  process, or that Deco has

purposefully directed activity in Louisiana and that this suit stems from  an injury that

arises from or relates to those activities.

　　2.  *Venue.*

　　Generally, a party challenging venue has the burden of proving that venue is

improper.[20]  Venue provisions in bankruptcy adversary proceedings are governed by

28 U.S.C. §1409.  Because this adversary proceeding involves a claim which arose

postpetition, §1409(d) applies.  Section (d) provides that:

> (d) A trustee may commence a proceeding arising under title 11
> or arising in or related to a case under title 11 based on a claim arising
> after the commencement of such case from the operation of the business
> of the debtor only in the district court for the district where a State or
> Federal court sits in which, under applicable nonbankruptcy venue
> provisions, an action on such claim may have been brought.

For claims arising in the postpetition period, the presumption which favors venue in

the same venue as the bankruptcy case,  found in §1409(a), dissolves  and instead,

---

[20]  *Peachtree Lane Assoc., Ltd.*, 150 F.3d 788, 794 (7th Cir. 1998).

"the debtor, or its trustee, as appropriate, loses its unfettered choice and is treated as an ordinary citizen for venue purposes."[21]

Venue in nonbankruptcy cases is determined by 28 U.S.C. §1391.  In diversity cases, §1391(a) applies, and if a federal question is presented, §1391(b) provides the venues where the action may be brought.  In its opposition, Conmaco asserts that venue is proper under §1391(b), and may be brought in:

> "(1) a judicial district where any defendant  resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."[22]

Generally, in determining where a substantial portion of events occurred, the court focuses on the activities of the defendant, and not of the plaintiff.[23]   The affidavit of Steven Short, Deco's president, provides that Deco is a Missouri

---

[21] *In re Geauga Trenching Corp.*, 110 B.R. 638, 652 (Bankr. E.D.N.Y. 1990), *citing In re Continental Airlines, Inc.,* 61 B.R. 758 (Bankr. S.D. Tex. 1986).  Additionally, S.Rep. No. 989, 95th Cong., 2d Sess. 56 (1978) provides that the trustee may commence a proceeding on a postpetition claim only in the judicial district in which the debtor could have sued on the claim in the absence of bankruptcy.

[22] 28 U.S.C. 1391(b).

[23] *PKWare, Inc., v. Meade*, 79 F. Supp. 2d 1007, 1016-1017 (E.D. Wis. 2000).

-10-

corporation, that received services from Conmaco's branch office located in

Kansas City, Kansas, and that no services were provided by Conmaco to Deco in

Louisiana.  Moreover, it states that Deco is not qualified to do business in

Louisiana, does not have an office in Louisiana, and has never done any business

in Louisiana.

Conmaco argues that this is essentially a suit for nonpayment, and that

Deco's failure to make payment as specified in invoices to a New Orleans post

office box  provides the basis for finding that a substantial part of the events or

omissions giving rise to the claim occurred in Louisiana.  First, this court notes that

while the debtor argues this is a suit on open account, invoices attached to its

complaint indicate that the vast majority of the claim is for "damages to American

7250 crawler crane."[24]  It appears that a crane in which the debtor owns or claims

an interest was damaged in the post-petition period, and that the debtor invoiced

Deco for the amount it claimed as damages in the amount of $87,400.71.  The

remaining invoices are for rentals alleged to be due on the American 7250 crawler

for the periods April 2, 2004 to May 1, 2004, and October 29, 2004 to January 26,

2005.  The events related to this suit involve a crane located at Conmaco's office in

Kansas, and which was damaged in that forum.  For the reasons expressed, this

---

[24]  P.1, invoice 2795 dated November 30, 2004.

-11-

court finds that venue is not proper in Louisiana.

For the reasons stated above, the court will enter an order granting Deco's motion to dismiss.

New Orleans, Louisiana, August 9, 2005.

_____
Jerry A. Brown
U.S. Bankruptcy Judge